# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 4, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANNY RAY REED,**
**Claimant Below, Petitioner**

**vs.)    No.  11-1721** (BOR Appeal No. 2046001)
(Claim No. 2001031690)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**R & S COAL COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny Ray Reed, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary M. Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2011, in which the Board affirmed a May 26, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's November 23, 2010, decision denying authorization for Lortab. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 6, 2000, Mr. Reed sustained an injury to his lower back while using a slate bar in the course of his employment with R & S Coal, Company, Inc. The claim was held

compensable for displacement of a lumbar intervertebral disc. On August 25, 2010, Dr. Shelton recommended that Mr. Reed continue using Lortab, Flexeril, a TENS unit, and heat. On January 24, 2011, Dr. Grady concluded that Mr. Reed had reached maximum medical improvement and recommended the avoidance of non-narcotic pain medication as per the Treatment Guidelines in West Virginia Code of State Rules § 85-20 (2006). The claims administrator denied Mr. Reed's request for Lortab.

The Office of Judges modified the claims administrator's decision and granted the authorization for Lortab on a weaning and tapering basis. On appeal, Mr. Reed disagrees and asserts that the Board of Review erred in denying the medication Lortab, in not applying the preponderance of the evidence standard instead of the "extraordinary" standard, and in allowing Dr. Grady's report into evidence even though he and his attorney were unaware it existed. The West Virginia Office of Insurance Commissioner maintains that Mr. Reed has not submitted evidence showing by a preponderance of the evidence that he is entitled to authorization for the medication Lortab, but does not object to the Office of Judges' Order of a weaning and tapering program.

The Office of Judges concluded that there was no specific medical report justifying a sudden discontinuance of Lortab, but found that one physician recommended a weaning and tapering program while another requested continuous use of Lortab. Dr. Grady recommended the avoidance of non-narcotic pain medication, and stated that if long-term narcotic pain medication was being discontinued, then an appropriate period of weaning would be needed. Dr. Shelton requested that Mr. Reed continue using Lortab. In addition, Dr. Shelton did not provide sufficient evidence on why the authorization of Lortab should be continued since the six weeks allowed for Schedule III drugs in West Virginia Code of State Rules § 85-20-53.14(b) (2006) has expired. The Office of Judges determined that Mr. Reed was allowed a weaning and tapering off period under West Virginia Code of State Rules § 85-20-4.1 (2006), which allows for a deviation from the Treatment Guidelines of West Virginia Code of State Rules § 85-20 for an extraordinary circumstance. It concluded this was an extraordinary circumstance and that the claims administrator's decision is clearly against the preponderance of the evidence. The Board of Review reached the same reasoned conclusions in its decision of December 5, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin

Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II